E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4936-GHK (VBKx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | *Lucina Caldera v. The J.M. Smucker Company* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** Plaintiff's Motion for an Order Enjoining Defendant from Prosecuting Collateral Litigation Against Her Counsel (Dkt. No. 71)

This matter is before us on Plaintiff Lucina Caldera's ("Plaintiff") Motion for an Order Enjoining Defendant from Prosecuting Collateral Litigation Against Her Counsel ("Motion").

The Parties's papers clearly show that Plaintiff failed to comply with Local Rule 7-3 and our June 21, 2012 Case Management Order ("CMO"). Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to **discuss thoroughly**, *preferably in person*, the **substance** of the contemplated motion and any potential resolution." (Bold emphasis added). Further, our CMO emphasized that we "take[] this rule seriously" and required counsel to discharge their obligations under Local Rule 7-3 in good faith." (Dkt. No. 9, at 4). We noted that a meet and confer conducted in good faith not only "allows for a possible informal resolution of an issue without court intervention," but also "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner." (*Id.*). In furtherance of this goal, we require all 7-3 conferences to "take place via a communication method that, at a minimum, allows all parties to be in realtime communication (letters and email, for example, do not constitute a proper 7-3 conference)." (*Id.*).

Here, Plaintiff's counsel effectively admits that he failed to comply with L.R. 7-3 when he asserts that on April 15, 2013, he "engaged in a lengthy discussion with Counsel for Defendant . . . to inform them of our intent to file the Motion to Enjoin Collateral Litigation." (Weston Decl. ¶ 2). Discussion about an "intent" to file a motion is hardly a discussion about the motion's substance. Moreover, the characterization of the discussion about this Motion as "lengthy" appears to be misleading, given that Plaintiff's other filings suggest that the April 15, 2013 discussion was lengthy because the Parties discussed the substance of the class certification motion. (*See* Dkt. No. 77-1). With respect to this Motion, Plaintiff's counsel appears to have only mentioned his intent to file this Motion over the phone, and then followed up with a letter to Defense counsel that cited two cases. Not only is such written communication clearly inadequate under our CMO, but the letter included no meaningful analysis whatsoever.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4936-GHK (VBKx) | | Date | June 3, 2013 |
|---|---|---|---|---|
| Title | *Lucina Caldera v. The J.M. Smucker Company* | | | |

    Plaintiff's failure to comply with L.R. 7-3 is also evident based on the unfocused content of the Parties's briefing, which contained numerous issues that could have been resolved informally in a proper 7-3 conference. We list three examples here. First, Defendant spent several unnecessary pages discussing the standard barring suits by vexatious litigants, which Plaintiff's Reply clarified she is not arguing. Second, Plaintiff asserts that we have authority under FRCP 23(d) to enjoin the Ohio action, but her Reply does not respond at all to Defendant's authorities which specifically hold that "Rule 23(d) is a rule of procedure [that] creates neither a right nor remedy enforceable in a federal court of equity." *Piambino v. Bailey*, 610 F.2d 1306, 1331-32 (5th Cir. 1980); *In re Baldwin-United Corp.*, 770 F.2d 328, 335 (2d. Cir. 1985) ("We do not find independent authority for the issuance of the injunction in the Fed. R. Civ. P. 23(d) provision empowering the district judge to issue orders appropriate for the protection of the members of the class or otherwise for the fair conduct of the action; that rule is a rule of procedure and creates no substantive rights or remedies enforceable in federal court." (internal quotations omitted)). Indeed, while appearing to insist that Rule 23(d) provides an independent basis for the requested injunction, the Reply actually argues – under the Rule 23(d) section – that we should "issue an injunction *under the All Writs Act* to enjoin Smucker from seeking an order in the Ohio litigation that would improperly restrict Counsel's communications with putative class members." (Reply 13) (emphasis added). Accordingly, Plaintiff appears to concede that if there is any authority for us to enjoin the Ohio action, it must derive from the All Writs Act alone.

    Third, the Parties each spent upwards of nine pages discussing the standard for preliminary injunctions even though both Parties appear to agree that it does not govern an All Writs Act injunction. The only basis for why we should consider this lengthy and seemingly irrelevant discussion is Plaintiff's citation to *Glass v. Diaz*, 2008 WL 4218762 (E.D. Cal. Sept. 15, 2008), for the proposition that some courts determine whether to issue an All Writs Act injunction under the traditional four preliminary injunction factors. *Glass*, however, did no such thing. There, a pro se state prisoner filed a motion for preliminary injunction and/or temporary restraining order pursuant to the All Writs Act to require the defendants to return his legal mail and property. *Id.* at *1. The court determined that it lacked jurisdiction to issue the requested order because it would not remedy the claims upon which the action was based, i.e., violation of his Eighth Amendment rights. *Id.* at *2. The court never stated that the test for an All Writs Act injunction is the test for preliminary injunction.

    In light of Plaintiff's failure to comply with L.R. 7-3 and our CMO, the Motion is **STRICKEN**. If Plaintiff decides to refile this Motion, we caution her to not only fully comply with L.R. 7-3 and our CMO, but to also thoroughly research the legal basis for this Motion before refiling. So far, Plaintiff has cited no case in which a district court enjoined another federal action under factually similar circumstances.[1] To the extent that Plaintiff argues that the Ohio action would interfere with our

---

    [1] Instead, Plaintiff's authorities show that courts have enjoined a later filed federal action only when the second action asserted substantially similar claims. *See, e.g.*, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843-44 (9th Cir. 1986) (affirming a Montana district court's decision to enjoin a substantially similar action defendant filed in an Illinois district court nine days after the Montana action). In the class action context, such injunction is typically issued in even more limited circumstances: when the later-filed actions threatened to upset settlement agreements reached in the

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4936-GHK (VBKx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | *Lucina Caldera v. The J.M. Smucker Company* | | |

jurisdiction over this class action, she has made no showing that more standard motion practices before the Ohio court – e.g., a motion to stay, a motion for a protective order, or an opposition to Defendant's motion to compel Plaintiff's counsel to deposition – could not successfully remedy the alleged potential interference.  Plaintiff is advised to carefully consider her options before refiling this Motion.

**IT IS SO ORDERED.**

-- : --

Initials of Deputy Clerk    Bea

---

enjoining actions.  *See, e.g.*, *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 203 (3d Cir. 1993) ("Here the prospect of settlement was indeed imminent, as in other cases in which federal courts have issued injunctions."); *In re Mexico Money Transfer Litig.*, 1999 WL 1011788, at *3-4 (N.D. Ill. Oct. 19, 1999) (denying intervenor's motion to lift an injunction that enjoined parallel and overlapping class actions in other forums because the parties in the enjoining action had reached a nationwide settlement after a year of negotiation); *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328 (2d Cir. 1985) (affirming district court's decision, in a consolidated, multi-district class action, to enjoin state attorneys general from commencing suit against the defendants when 18 of the 26 defendants had stipulated to settlement).  In what appears to be the only cited case that did not involve a pending settlement agreement, the court enjoined a class member school district from filing suits based on related claims in any other forum because the school district had not properly opted out from the plaintiff class – a scenario distinguishable from this class action because no class has been certified here.  *See In re Asbestos School Litig.*, 1991 WL 61156 (E.D. Pa. Apr. 16, 1991).